PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* VICENTE RAMOS, Defendant and Appellant.

No. 4040. Argued February 18, 1930.—Decided April 7, 1930.

*F. Cervoni Gely,* for appellant.   *R. A. Gómez,* for appellee.

Mr. Justice Hutchison, delivered the opinion of the court.

Vicente Ramos was convicted of theft, first in a municipal court, and later, after a trial *de novo*, in a district court. His only contention now is that the district court erred in over-ruling a motion to dismiss the prosecution because more than one hundred and twenty days had elapsed after his arrest before he was tried in the municipal court.

A motion filed in the municipal court on July 30, 1929, recites that defendant had been kept in jail since March 18, that his case had not been tried, and that there was no just cause for the delay. This motion was denied by the municipal judge on August 13. The order does not specify the grounds on which it was based.

Section 448 of the Code of Criminal Procedure provides that:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon application, is not brought to trial within one hundred and twenty days after the filing of the information."

The complaint was filed on April 22. At that time the sixty-day period had not elapsed. The one hundred and twenty days of the second subdivision had not elapsed when the motion was made in the municipal court. The record does not disclose the date of the trial in the municipal court.

772

The law makes no provision for a dismissal merely because a defendant is not brought to trial within one hundred and twenty days after his arrest; it clearly specifies sixty days from the date of arrest to the filing of the information and one hundred and twenty days thereafter, before the trial, making a total of one hundred and eighty days from the date of arrest to the date of the trial.

When the motion was made in the district court, the district attorney "admitted" that the municipal court of Fajardo had set the case three times for trial "since February"; that on these three occasions defendant had been brought from Humacao to Fajardo by the warden of the district jail; and that each time the trial had been postponed by the municipal court. Beyond this the statement of the case is silent. It does not even show that the attention of the district judge was directed to the fact that a motion had been made in the municipal court. When it transpired that the municipal judge had set the case three times for trial and when the case was called had ordered a continuance, the presumption was that defendant had consented to the continuance.

The district judge did not err in overruling defendant's motion, as submitted on the statement of the district attorney, and the judgment appealed from must be affirmed.